MR. JUSTICE WEBER
concurs and dissents as follows:
Except as herein specifically mentioned, I concur in the foregoing majority opinion.
With regard to the first issue, I agree that the title insurance policy covered the existence of the ditch rights, resulting in an obligation to pay damages to Lipinski. The majority opinion states that a primary interest of a title insurance applicant is in what the examination discloses, and that applicants rely on the companies to tell them of any risks and that the risks covered by policies include errors in title examination, including negligent failure to note a title defect. The majority also states that a title company, as insurer, owes its clients the duty of conducting a title search with reasonable care, and then points out how the title examiner should even have examined the premises, concluding with the statement that a title insurer cannot ignore a recital that puts it on notice of a possible defect in title.
The relationship between the parties is determined by the title insurance policy. In this instance, the policy in pertinent part states:
“The Title Insurance Company. . .does hereby insure John J. Lipinski. . .against loss or damage not exceeding $25,000, which the insured shall sustain by reason of:
“1. Title to the land. . .being vested. . .otherwise then as herein stated; or
“2. Any defect in. . .said title existing at the date hereof, not shown or referred to in Schedule B;”
Schedule B does not contain any reference to ditch rights, as mentioned in the majority opinion. The ditch rights therefore fall within the foregoing provisions of the policy. The policy provides that the company shall defend the in *19 sured in all litigation founded upon a defect, lien, encumbrance or other matter insured against by this policy. Among other contract rights, the Company reserves the option to pay or compromise any claim or pay this policy in full at any time. Payment of the full amount of the policy “shall terminate all liability of the Company.” The contract does not contain a requirement that the insurance company examine the title records nor that the insurance company in any manner examine the ground itself. I find no basis for the conclusion of the majority that there is a duty to make a title search, or that a claim of relief arises from a negligent title examination. No authority is cited for these conclusions which certainly do not arise from the title insurance policy. I would exclude such conclusions from the opinion.